UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND and
U.S.W.U. LOCAL 74 SUPPLEMENTAL
BENEFITS FUND by its Trustee
SAL ALLADEEN,

                                                         17 Civ.

               Plaintiffs,

        -against-                                     COMPLAINT

THE LUTHERAN ALL FAITHS CEMETERY,

               Defendant.
-----------------------------------------------------------X

       Plaintiffs, U.S.W.U. LOCAL 74 WELFARE FUND and U.S.W.U. LOCAL 74

SUPPLEMENTAL BENEFITS FUND, by its Trustee SAL ALLADEEN, by their attorneys,

O'DWYER & BERNSTIEN, LLP, complaining of defendant THE LUTHERAN ALL

FAITHS CEMETERY, allege the following:

NATURE OF ACTION

      1.      This is an action arising under the Employee Retirement Income

Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, *et seq.*, and the Labor Management

Relations Act of 1947 ("LMRA"), 29 U.S.C. §152 *et seq.*, to compel defendant make benefit

fund contributions on behalf of its employees in accordance with applicable law, governing

trust fund documents, and collective bargaining agreements and extensions thereof.

JURISDICTION

      2.      Jurisdiction over this action is conferred upon this Court by Sections

502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

1

VENUE

3.    Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29

U.S.C. §1132(e)(1), in that the Plaintiff benefit plans are administered in this District.

PARTIES

4.    At all times relevant herein, the U.S.W.U. LOCAL 74 WELFARE FUND

(hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within

the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C.

§§1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen is a Trustee of the WELFARE FUND and

appears in his representative capacity.

5.    At all times relevant herein, the WELFARE FUND had its principal place of

business at 36-36 33rd Street, Long Island City, New York 11106.

6.    At all times relevant herein, the U.S.W.U. LOCAL 74 SUPPLEMENTAL

BENEFITS FUND (hereinafter "the SUPPLEMENTAL BENEFITS FUND"), was a jointly

trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA

and §502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen is a

Trustee of the SUPPLEMENTAL BENEFITS FUND and appears in his representative

capacity.

7.    At all times relevant herein, the SUPPLEMENTAL BENEFITS FUND had its

principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

8.    Upon information and belief, Defendant THE LUTHERAN ALL FAITHS

CEMETERY ("ALL FAITHS"), was a New York not for profit corporation operating a

cemetery with principal executive offices located at 67-29 Metropolitan Avenue, Middle

Village, New York 11379.

9.      At all times relevant herein, ALL FAITHS was an employer in an industry

affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C.

§§1002 (5), (11), and (12).

10.     At all times relevant herein, ALL FAITHS was the employer of approximately

30 workers who are represented by Local 74, United Service Workers Union, International

Union of Journeymen and Allied Trades ("Local 74"), for collective bargaining purposes

(said workers referred to herein as "Local 74 bargaining unit workers").

11.     At all times relevant herein, there were in force and effect collective

bargaining agreements and extensions thereof by and between Local 74 and ALL FAITHS,

establishing terms and conditions of employment of Local 74 bargaining unit workers,

including that ALL FAITHS is required to make contributions to the Plaintiffs on behalf of

covered employees.

12.     At all times relevant herein, there were in force and effect Trust Agreements

establishing the Plaintiffs with which Defendant is required to comply.

13.     At all times relevant herein, there were in force and effect delinquent

contribution collections policies adopted by the Plaintiffs with which Defendant is required

to comply.

14.     At all times relevant herein there were in force and effect Trustee resolutions

of the Plaintiffs with which Defendant was required to comply by virtue of the Trust

Agreements of the Plaintiffs, among other documents, and applicable law.

## COUNT I

15.     Plaintiffs repeat the allegations of the preceding paragraphs of the complaint

as if set forth in full hereat.

16.     On or about September 29, 2017, auditors acting on behalf of Plaintiffs issued its audit of Defendant's books and records for the period January 1, 2015 through and including December 31, 2016.

17.     Said audit found that ALL FAITHS underpaid its contributions to the WELFARE FUND in the principal amount of $200,265.

18.     In accordance with governing documents and applicable law, said audit assessed interest on the delinquent contributions from the date due until August, 2017 in the sum of $31,206.52.

19.     Also in accordance with governing documents and law, interest continues to run on unpaid contributions from August 2017 through the date paid, at the rate of 10% per year.

20.     Said audit also found that ALL FAITHS underpaid its contributions to the SUPPLEMENTAL BENEFITS FUND in the principal amount of $7,600.80.

21.     In accordance with governing documents and applicable law, said audit assessed interest on the delinquent contributions from the date due until August, 2017 in the sum of $1,092.20.

22.     Also in accordance with governing documents and law, interest continues to run on unpaid contributions from August 2017 through the date paid at the rate of 10% per year.

23.     By letter dated October 17, 2017, the Plaintiffs made a demand to ALL FAITHS for payment of contributions (principal and interest) found due and owing by said audit.

24.     By letter dated December 7, 2017, counsel for Plaintiffs repeated the demand for payment to ALL FAITHS.

25.     To date, ALL FAITHS has failed and/or refused to pay the contributions (principal and interest) found due and owing by said audit despite demand therefor, in violation of the collective bargaining agreement between Local 74 and ALL FAITHS and documents and rules governing the Plaintiffs.

26.     By virtue of the foregoing, ALL FAITHS has violated ERISA, including but not limited to ERISA Section 515, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs demand judgment against ALL FAITHS as follows:

(a)     awarding judgment to Plaintiff WELFARE FUND in the sum of $231,471.52, together with interest thereon from August 2017 until the date paid at the rate of 10% per year, compounded;

(b)     awarding judgment to Plaintiff SUPPLEMENTAL BENEFITS FUND in the sum of $8,693.00, together with interest thereon from August 2017 until the date paid at the rate of 10% per year, compounded;

(c)     awarding Plaintiffs' attorneys' fees, costs and expenses of this action and liquidated damages of 20% of the principal sum due in accordance with and required by ERISA Section 502(g), 29 U.S.C. §1132(g); and

(d)     such other and different relief as the Court deems proper and just.

Dated:  New York, New York
       December 28, 2017

                          Yours, etc.,

                          O'DWYER & BERNSTIEN, LLP

By:              _____
                          GARY SILVERMAN (GS9287)
                          ZACHARY HARKIN (ZH0620)
                          Attorneys for Plaintiffs
                          52 Duane Street, 5th Floor
                          New York, New York 10007
                          (212) 571-7100